UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FOREST JOHN SABA,<br><br>Defendant. | Case No. 1:22-cr-00248-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS INDICTMENT** |

Pending before the Court is Defendant Forest John Saba's Motion to Dismiss the Indictment. (Dkt. 34). For the reasons discussed below, the Court denies the motion.

## I.  BACKGROUND

In 2022, Saba was convicted of aggravated battery after shooting another individual in a parking lot and sentenced to a unified prison term of ten years with four years determinate. (Dkt. 36 at Exs. 1, 2). As a result of this conviction, 18 U.S.C. § 922(g)(1) prohibited Saba from possessing a firearm. *See* 18 U.S.C. § 922(g)(1) (prohibiting person convicted of crime punishable by imprisonment for term exceeding one year from possessing firearm). In 2009 and again in 2016, Saba was convicted of violating § 922(g)(1). (Dkt. 36 at Exs. 3, 4). In 2022, law enforcement apprehended him while he was stalking his ex-girlfriend. (Dkt. 36 at Ex. 5). Related to this incident, a grand jury indicted him for unlawful possession of a firearm under § 922(g)(1). (Dkt. 1; Dkt. 36 at Ex. 5).

Saba moves to dismiss the indictment, arguing 18 U.S.C § 922(g)(1) is unconstitutional as applied under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Relying

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS INDICTMENT - 1**

on the two-part test articulated in *Bruen*,[1] Saba argues that he is one of "the people" under the Second Amendment's plain text protecting "the right of the people to keep and bear Arms"; the United States Supreme Court in *Bruen* and *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008), did not limit the scope of "the people" to law abiding, responsible citizens; and even dangerous felons are indisputably with the meaning of "the people." (Dkt. 34 at pp. 4-6). Further, Saba argues § 922(g)(1) is unconstitutional because the Government cannot show a robust historical tradition of distinctly similar regulations at the time of the Second Amendment's ratification in 1791. (Dkt. 34 at p. 10).

In response, the Government disagrees with Saba's analysis. It asserts "*Heller* and *Bruen* unmistakably treated the preexisting right codified by the Second Amendment's text as covering only law-abiding citizens." (Dkt. 36, p. 10). The Government also argues a different historical inquiry, asserting "[a] court must examine proposed historical analogues" to determine if the modern regulation is part of a historical tradition limiting the right to possess firearms. (*Id.* at p. 5). The Government asserts historical traditions demonstrate § 922(g)(1)'s constitutionality. (Dkt. 36 at p. 17).

---

[1]  The *Bruen* Court articulated a two-prong test for determining whether the Second Amendment protects an individual's right to possess a firearm. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2129-30 (2022). The first prong addresses whether the Second Amendment's plain text covers an individual's conduct, in which case the Constitution presumptively protects that conduct. *Id.* If the Second Amendment presumptively protects the conduct, then the second prong requires the Government to justify its firearm regulation by demonstrating it is "consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2135.

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS INDICTMENT - 2**

The Court, however, does not need to resolve the parties' disputed analyses because the Ninth Circuit has held § 922(g)(1) is constitutional, *see, e.g.*, *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010), and this Court is bound by that precedent.

## II. ANALYSIS

In *Heller*, the United States Supreme Court recognized an individual's Second Amendment right to keep and bear arms. 554 U.S. at 628-29. The Court, however, also stated, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626. The Court described these prohibitions as "presumptively lawful regulatory measures." *Id.* at 627 n.26.

Since *Heller*, the Ninth Circuit Court of Appeals has repeatedly upheld the constitutionality of 18 U.S.C. § 922(g)(1). *See, e.g.*, *Van Der Hule v. Holder*, 759 F.3d 1043, 1051 (9th Cir. 2014) (ruling "§ 922(g)(1) continues to pass constitutional muster"); *United States v. Phillips*, 827 F.3d 1171, 1175 (9th Cir. 2016) (acknowledging "propriety of felon firearms bans" under Supreme Court and Ninth Circuit precedent and concluding felony conviction for misprision served constitutional basis to deprive defendant right to possess firearm); *Vongxay*, 594 F.3d at 1118 (concluding "§ 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon"); *United States v. Torres*, 789 Fed. App'x 655, 657 (Jan. 10, 2020) (noting court "is bound under *Vongxay* and *Heller* to assume propriety of felon firearm bans").

Saba argues *Bruen*'s holding prevails over dictum in *Heller*. Contrary to Saba's argument, however, at least five justices in *Bruen* indicated continued agreement with *Heller*'s statements that the Court does not cast doubt on longstanding prohibitions on a felon's right to possess firearms and that such prohibitions are presumptively lawful regulations. Justice Kavanaugh's concurrence reiterated these statements. *Bruen*, 142 S. Ct. at 2161-62 (Kavanaugh, J., concurring).

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS INDICTMENT - 3**

Likewise, Justice Breyer wrote in his dissent, in which Justices Kagan and Sotomayor joined, *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons. *Bruen*, 142 S. Ct. at 2189 (Breyer, J., dissenting).  Although the majority opinion did not address the issue specifically, it did say its holding was "in keeping with *Heller*" and repeatedly emphasized the *Bruen* petitioners were "two ordinary, law-abiding, adult citizens." *Bruen*, 142 S. Ct. at 2126, 2134.

Further, the Court disagrees with Saba's argument that *Bruen* effectively overruled Ninth Circuit authority holding 18 U.S.C. § 922(g)(1) is constitutional.  (*See* Dkt. 34 at p. 14) (arguing *Bruen* holding is "clearly irreconcilable" with Ninth Circuit authority).  The Ninth Circuit has held that "where intervening Supreme Court authority is clearly irreconcilable with [Ninth Circuit] authority," "district courts should consider themselves bound by the intervening higher authority and reject prior [Ninth Circuit authority] as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).  This "clearly irreconcilable" standard is high. *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018).  "It is not enough for there to be some tension between the intervening higher authority and prior circuit precedent or for the intervening higher authority to cast doubt on the prior circuit precedent." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (internal citations and quotation marks omitted).  As long as the Court may apply circuit precedent without conflicting with intervening higher authority, the Court must do so. *Id.*

In *Vongxay*, the Ninth Circuit held that "§ 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon." *Vongxay*, 594 F.3d at 1118.  Although the Court acknowledged "the historical question has not been definitively resolved," *id.*, it concluded "historical gun restrictions" lend credence to the continued viability of the Ninth

**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS INDICTMENT - 4**

Circuit's prior authority holding that § 922(g)(1) is constitutional, *Vongxay*, 594 F.3d at 1116. Further, the Court observed:

> [M]ost scholars of the Second Amendment agree that the right to bear arms was inextricably tied to the concept of a virtuous citizenry that would protect society through defensive use of arms against criminals, oppressive officials, and foreign enemies alike, and that the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals).

*Id.* at 1118 (citing DON B. KATES, JR., THE SECOND AMENDMENT: A DIALOGUE, 49 LAW & CONTEMP. PROBS. 143, 146 (1986) and omitting quotations, brackets, and ellipses).

This Court concludes *Bruen*'s reasoning is not clearly irreconcilable with the reasoning of *Heller* or *Vongxay*. To the extent *Heller* and *Vongxay* do not follow the precise analysis articulated in *Bruen*, the Court concludes this inconsistency fails to meet the high standard of clearly irreconcilable. Accordingly, until Ninth Circuit precedent holding 18 U.S.C. § 922(g)(1) constitutional is overruled, this Court is bound to follow that precedent. *Accord United States v. Estrada*, No. 1:22-cr-00256-BLW, 2023 WL 4181325 (D. Idaho June 26, 2023) (ruling bound by Ninth Circuit authority); *United States v. Villalobos*, No. 3:19-cr-00040-DCN, 2023 WL 3044770, *8, 11 (D. Idaho Apr. 21, 2023) (holding *Vongxay* is binding and listing district courts in Ninth Circuit holding post-*Bruen* that § 922(g)(1) is constitutional); *United States v. Wondra*, No. 1:22-cr-00099-BLW, 2022 WL 17975985 (D. Idaho Dec. 27, 2022) (ruling bound by Ninth Circuit authority; *United States v. Siddoway*, No. 1:21-cr-00205-BLW, 2022 WL 4482739 (Sept. 27, 2022) (same); *United States v. Hill*, 629 F. Supp. 3d 1027, 1030 (S.D. Cal. 2022) (same).

Based on the foregoing, Saba's motion to dismiss is denied.

### III.  ORDER

**IT IS ORDERED that:**

1. Defendant Saba's Motion to Dismiss the Indictment (Dkt. 34) is **DENIED**.

DATED: August 17, 2023

Amanda K. Brailsford
U.S. District Court Judge